**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 96-4882

JAMES DEWAYNE DYE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-94-177)

Submitted: August 12, 1997

Decided: September 8, 1997

Before HALL, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory M. Courtright, COLLINS & COURTRIGHT, Charleston,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Michael L. Keller, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Dewayne Dye appeals his conviction for escape from federal custody, in violation of 18 U.S.C. § 751(a) (1994). He contends he was not in the custody of the Attorney General and her authorized representatives at the time of the escape, rendering his indictment and subsequent conviction improper. We affirm his conviction and sentence.

Dye pled guilty to aiding and abetting the interstate transportation of a stolen vehicle. As a part of his plea agreement, Dye agreed to enter a guilty plea in a pending state charge of battery prior to being sentenced on the federal offense. Although a federal prisoner, Dye was confined at South Central Regional Jail, a state facility. On November 9, 1994, in response to a state writ of habeas corpus ad prosequendum, Dye was released to a deputy of the Roane County Sheriff's Department to enter his plea on the battery charge. Dye appeared before the magistrate, entered his guilty plea, and received his sentence. Upon leaving the courthouse, Dye escaped from custody as he was entering a vehicle that was to be used to transport him back to the South Central Regional Jail. Dye remained at large until he was recaptured at his home on November 29, 1994, by local and federal law enforcement officials.

Dye asserts that because he was in the custody of state officials at the time of his escape, the indictment charging him with escape from federal custody was defective and should have been dismissed. We rejected a similar challenge in United States v. Hall, 451 F.2d 347, 348 (4th Cir. 1971). Further, escape from federal custody, as defined in § 751(a), is a continuing offense; therefore, an escapee can be held liable for his initial departure as well as his failure to return to custody. See United States v. Bailey, 444 U.S. 394, 413 (1980).

Accordingly, Dye's conviction under § 751(a) was appropriate and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2